## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHILIP BOURGE**                                       **CIVIL ACTION**

**versus**                                              **NO. 07-8813**

**HOWARD PRINCE, WARDEN**                               **SECTION: "R" (3)**

### REPORT AND RECOMMENDATION

   This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

   Petitioner, Philip Bourge, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.  On April 16, 1997, he was convicted of second degree murder under Louisiana law.[1]  On May 16, 1997, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2]  On January 27, 1999, the Louisiana

---

[1] State Rec., Vol. II of III, transcript of April 16, 1997, p. 107; State Rec., Vol. II of III, minute entry dated April 16, 1997; State Rec., Vol.  II of III, jury verdict form.

[2] State Rec., Vol. II of III, transcript of May 16, 1997; State Rec., Vol. II of III, minute entry dated May 16, 1997.

Fourth Circuit Court of Appeal affirmed his conviction and sentence.[3]  He did not seek review of that judgment in the Louisiana Supreme Court.

On February 17, 2000, petitioner filed with the state district court an application for post-conviction relief.[4]  When the court failed to rule on that application, he filed with the Louisiana Fourth Circuit Court of Appeal a petition for a writ of mandamus.  On September 6, 2001, the Court of Appeal denied that application, holding:  "Relator's claims in his application for post-conviction relief have been reviewed and are found to be without merit."[5]  Petitioner did not seek review of that judgment in the Louisiana Supreme Court.

On an unknown date, petitioner apparently filed with the state district court a second application for post-conviction relief.[6]  That application was denied on October 24, 2001.[7]  He did not seek review of that judgment in the state's appellate courts.

---

[3] State v. Bourge, 97-KA-2668 (La. App. 4th Cir. Jan. 27, 1999) (unpublished); State Rec., Vol. II of III.

[4] State Rec., Vol. III of III.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  In his post-conviction application, petitioner stated that he placed the document in the prison mailing system on February 17, 2000.

[5] State v. Bourge, No. 2001-K-1332 (La. App. 4th Cir. Sept. 6, 2001) (unpublished); State Rec., Vol. III of III.

[6] A copy of that application is not contained in the state court record furnished to this Court.

[7] State Rec., Vol. I of III, minute entry dated October 24, 2001.

On March 25, 2007, petitioner filed the instant application for *habeas corpus* relief.[8] The state argues that petitioner's federal application is untimely. For the following reasons, it is evident that the state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a criminal judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[9]

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence on January 27, 1999. Therefore, under § 2244(d)(1)(A), his criminal judgment became

---

[8] Rec. Doc. 4. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner stated on his petition that it was placed in the prison mailing system on March 25, 2007. Rec. Doc. 4, p. 15.

  When petitioner filed his application, it was not accompanied by either the required filing fee or an application to proceed as a pauper. On or about October 30, 2007, he finally filed a pauper application. Rec. Doc. 1. However, because he had sufficient funds to pay the filing fee, that application was denied on November 13, 2007. Rec. Doc. 2. In light of the foregoing, this matter was not opened as an active case until the Court received the required filing fee on September 17, **2010**.

  Despite petitioner's long delay in paying the filing fee, the United States Fifth Circuit Court of Appeals has indicated that the date the filing fee is paid is irrelevant in determining when such an application is "filed." In Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), the Fifth Circuit held that the "mailbox rule," not fee payment, is still determinative, noting: "[A] rule that payment of a filing fee upon the subsequent denial of IFP status determines the applicability of the AEDPA would be contrary to this court's traditional disposition of leniency toward pro se litigants."

[9] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

"final" on February 26, 1999, when his period expired for seeking direct review by the Louisiana Supreme Court.  See Louisiana Supreme Court Rule X, § 5(a) (a litigant has thirty days to file a writ application to challenge a judgment of a Louisiana intermediate appellate court); see also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).  Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

   The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  Accordingly, this Court must consider petitioner's state court filings.

   In the instant case, after three hundred fifty-five (355) days elapsed, petitioner tolled the federal limitations period by filing a post-conviction application on February 17, 2000.[10]  As noted, the Louisiana Fourth Circuit thereafter denied post-conviction relief September 6, 2001.  Petitioner then had until October 8, 2001, to file a writ seeking review of that judgment in the

---

[10] The Court notes that, prior to filing his post-conviction application, petitioner had also filed a motion requesting a copy of his trial transcript, which was granted.  However, motions seeking production of transcripts are not considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.  Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

Louisiana Supreme Court.  See Louisiana Supreme Court Rule X, § 5(a).[11]  Due to his failure to seek

such review, the limitations period would normally have resumed running on that date when his time

expired for doing so.  Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001); Orgeron v. Cain,

Civ. Action No. 06-1451, 2006 WL 2789087, at *4 (E.D. La. Sept. 8, 2006).

However, the Court notes that petitioner apparently filed a second post-conviction

application on some unknown date in 2001.  If that second application was filed on or before

October 8, 2001, then the limitations period was again tolled and did not resume running on that

date.  Because defects in the state court record prevent the Court from determining when that second

application was filed, the Court, out of an abundance of caution, will not count any days between

the filing of the two post-conviction applications against petitioner.

Although the Court cannot determine when that second application was filed, the

record reflects that it was denied on October 24, 2001.  Therefore, the limitations period clearly

resumed running on November 26, 2001, when petitioner's period expired for seeking review of that

denial in the Louisiana Fourth Circuit Court of Appeal.  See Louisiana Uniform Rules of the Courts

of Appeal Rule 4-3 (a litigant has thirty days to file a writ application to challenge a judgment of a

Louisiana state district court); see also Melancon, 259 F.3d at 404-07; Campbell v. Cain, Civ. Action

No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007).[12]

---

[11] As noted previously, a litigant has thirty days to file a writ application to challenge a judgment
of a Louisiana intermediate appellate court.  However, because the thirtieth day of this period fell
on a Saturday, the deadline was extended until Monday, October 8, 2001. See La.C.Cr.P. art. 13;
La.Rev.Stat.Ann. § 1:55.

[12] The thirtieth day of this period fell on the Friday after Thanksgiving Day, which the Governor
Foster declared as Acadian Day, a legal holiday in Louisiana.  La.Rev.Stat.Ann. § 1:55(B)(3);

At that point, petitioner had only ten (10) days of the limitations period remaining, meaning that his federal limitations period expired on December 6, 2001, unless that deadline was again extended by additional tolling.

Petitioner had no state applications for post-conviction relief or other collateral review pending at any time during the period from November 26, 2001, through December 6, 2001. Accordingly, he clearly was not entitled to further statutory tolling.

The United States Supreme Court recently held that the AEDPA's limitations period is also subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is not entitled to either further statutory tolling or equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before December 6, 2001, in

---

Governor's Proclamation No. 64 MJF 2001 (issued on November 5, 2001, by Governor M.J. Foster, Jr.)  (http://www.dscs.state.la.us/progasst/gencirc/GENCIRC01/001455.htm).   Therefore, the deadline was extended until Monday, November 26, 2001.  See La.C.Cr.P. art. 13.

order to be timely. Because his federal application was not filed until March 25, 2007, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Philip Bourge** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this twenty-first day of January, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.