UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PHILIP BOURGE                                    CIVIL ACTION

VERSUS                                           NO: 07-8813

HOWARD PRINCE, ET AL.                            SECTION: R (3)

**ORDER AND REASONS**

Philip Bourge filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] Adopting the Magistrate Judge's Report and Recommendations,[2] the Court dismissed Bourge's petition as untimely.[3] More than two years later, Bourge filed this motion "for equitable tolling."[4] He argues that the Court should have allowed his habeas petition to proceed, because, for the past 16 years, he has been "completely unable" to manage his own affairs due to mental illness.[5]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254

---

[1] R. Docs. 1, 4.

[2] R. Doc. 16.

[3] R. Doc. 18.

[4] R. Doc. 20.

[5] *Id.* at 5.

claims within one year of the date on which his underlying criminal judgment becomes final, subject to statutory tolling. 28 U.S.C. § 2244(d). As the Magistrate Judge found in his Report and Recommendations, Bourge's criminal judgment became final on February 26, 1999; his one-year period for seeking federal habeas relief was statutorily tolled for about twenty-one months; and his period for seeking federal habeas relief ultimately expired on December 6, 2001.[6] Bourge filed his petition for a writ of *habeas corpus* nearly six years late, on November 13, 2007.[7]

Bourge asserts that he is entitled to equitable tolling, because he is a diagnosed schizophrenic; has long been confined in a special unit at the Elayn Hunt Correctional Center, St. Gabriel, Louisiaina; "remains heavily medicated, incapacitated and having to rely on someone else for everything;" "is completely unable and can do absolutely nothing for himself regarding the law or preparing his pleadings;" and "could not effectively communicate with anyone that may be able to assist him in his filings."[8] The only documentation he provides is a list of prescribed medications with a handwritten note from his treating physician stating that Bourge "has been diagnosed with

---

[6] R. Doc. 16 at 3-6.

[7] R. Doc. 1.

[8] R. Doc. 20 at 3, 5.

schizophrenia of the paranoid type" and that "he seems to do well on the above medication regimen."[9]

The AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Bourge satisfies neither requirement. First, the record gives no indication that Bourge has diligently pursued his federal post-conviction rights. Although Bourge filed an application for state post-conviction review within one year of his criminal judgment becoming final, and filed a second application for state post-conviction review within two years of filing his first application, he then waited nearly six years from the denial of his second application for state post-conviction review before filing his federal petition. After the Court denied his petition as untimely, Bourge then waited more than two years before filing his motion for equitable tolling. This tardiness "cannot be characterized as diligent pursuit of §

---

[9] R. Doc. 20 appx. B.

3

2254 relief." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). *Contrast Holland*, 130 S. Ct. at 2565 (petitioner diligently pursued his post-conviction rights by writing numerous letters to counsel seeking information about the statute of limitations, by repeatedly contacting the court and state bar association in an effort to have his non-responsive attorney removed from the case, and by preparing his own habeas petition *pro se* the very day he discovered his AEDPA clock had expired).

Second, Bourge makes an insufficient showing of extraordinary circumstances preventing timely filing. "[W]hile mental illness may toll AEDPA's statute of limitations, it does not do so as a matter of right." *Kelly*, 301 F. App'x at 377. A petitioner must explain how his mental illness prevented him from pursuing his legal rights. *Id.* "[P]urely conclusory allegations regarding his mental illness" will not suffice. *Kelly*, 301 F. App'x at 377.

Bourge asserts that he is confined, medicated, unable to do anything for himself, and unable to communicate effectively with anyone who could help him with his filings. Given these assertions, it is difficult to understand how Bourge was able to file his motion for equitable tolling. The motion is typewritten, details the procedural history of his habeas petition, contains adequate legal argument, and includes proper citation to numerous

4

federal cases. Clearly, Bourge now has access to legal materials and is able to prepare his own filings, or else is receiving capable legal assistance from some other person. Bourge does not explain how his mental illness prevented timely filing of his petition in 2001, or what has changed since then such that he is now able to file a well-researched *pro se* motion.  Rather, he makes "purely conclusory allegations regarding his mental illness." *Id*. Moreover, the only documentation he provides regarding his mental illness casts doubt on the severity of his condition, as Dr. Gamble writes that Bourge "seems to do well" on his medication. For these reasons, Bourge fails to show that extraordinary circumstances prevented timely filing of his habeas petition.

    Accordingly,

    IT IS ORDERED that Philip Bourge's motion is DENIED.


    New Orleans, Louisiana, this __7th__ day of October, 2013.


                                _____
                                      SARAH S. VANCE
                           UNITED STATES DISTRICT JUDGE